IN THE DISTRICT COURT OF THE UNITED STATES
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBERT JEFFREY EDWARDS, *individually and derivatively as a shareholder on behalf of THE CITY PHOTO GROUP, INC.* | ) ) ) ) ) Cause No. 4:20-CV-10 ) ) **JURY TRIAL DEMANDED** ) ) Division ) ) ) ) |
| Plaintiff, | |
| v. | |
| CATHY STROBEL, JACK STROBEL, and THE CITY PHOTO GROUP, INC., | |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff Robert Jeffrey Edwards, individually and derivatively as a shareholder on behalf of The City Photo Group, Inc., by and through his attorneys Sandberg Phoenix & von Gontard P.C., states the following Verified Complaint against Defendants Cathy Strobel, and Jack Strobel, and The City Photo Group, Inc.:

### PARTIES

1.      The City Photo Group, Inc. operated as a Missouri corporation with its principal place of business and registered agent located in St. Louis, Missouri, until it was administratively dissolved on January 5, 2015.  Pursuant to Mo. Rev. Stat. § 351.486, the corporation remains in existence and can be served via its registered agent.  The City Photo Group, Inc. is a Missouri citizen.

2.      Plaintiff Robert Jeffrey Edwards is a resident and citizen of the State of Illinois. At all relevant times, Plaintiff Edwards has been a Director and at least a 50% shareholder in the City Photo Group, Inc.

3. Defendant Cathy Strobel is a citizen of Missouri and resident of Missouri and Montana. At all relevant times between 2012 and the present, Cathy Strobel was City Photo Group, Inc.'s President and Director.

4. Defendant Jack Strobel is a citizen of Missouri and resident of Missouri and Montana. At all relevant times between 2012 and the present, Jack Strobel was City Photo Group, Inc.'s Secretary.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 15 U.S.C. § 1332 (a) and (a)(1) in that it involves matters in controversy that exceed $75,001 and is between citizens of different states.

6. The City Photo Group, Inc., and the Strobels are properly named defendants because the Strobels are City Photo Group, Inc.'s dominant officials and exercise complete control over its books, records, and business operations.  Plaintiff's Edwards' claims of malfeasance and misconduct against the Strobels put him in an antagonistic position to The City Photo Group, Inc. and the Strobels under both his individual and derivative claims.

7. This Court has supplemental jurisdiction over the state law and common law claims of the State of Missouri under 28 U.S.C. § 1367(a) in that the state law and common law claims form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) in that upon information and belief defendants reside in St. Louis, Missouri, and a substantial part of the events giving rise to the claim occurred in and around St. Louis, Missouri.

## FACTS COMMON TO ALL COUNTS

2

12690047.1

9. Plaintiff Edwards and the Strobels formed the company later named The City Photo Group, Inc. ("City Photo"), in approximately 1988.

10. At various times since it was created City Photo was involved in the business of photography equipment and supplies, workflow software, and real estate management in and around St. Louis.

11. At various times between City Photo's formation and approximately 2011, Plaintiff Edwards invested more than $2 million in City Photo in the form of promissory notes, real property transfers, and stock purchases, to allow for continued business operations.

12. Through 2015, City Photo owned and managed numerous related entities and subsidiaries, including: Locust Avenue Realty, LLC; Taylor on Washington, LLC; Retail Consulting, LLC f/k/a WH Group LLC, f/k/a The Workhorse Group, LLC, f/k/a Studio Workhorse, LLC; City Photo, LLC, and others (the "Subsidiaries").

13. Plaintiff Edwards and the Strobels each held various management positions for City Photo between 1988 – 2012, including as President, Vice President, Secretary, and Treasurer. Plaintiff Edwards and Cathy Strobel were also two Directors on the Board of Directors.

14. In approximately 2011, a deadlock formed between Plaintiff Edwards and Cathy Strobel about City Photo's management.

15. In approximately 2011, a third Director, Judge Bernardt Drumm, was appointed to break a deadlock between Plaintiff Edwards and Cathy Strobel.

16. As a result, Plaintiff Edwards was removed as an Officer of City Photo; however, he remained a Director and shareholder.

17. As of March 5, 2012, City Photo's Officers were Cathy Strobel, as President, and Jack Strobel, as Secretary.

3

12690047.1

18. As President, Cathy Strobel exercised complete control over City Photo and prohibited Plaintiff Edwards from accessing or reviewing any of City Photo's or Subsidiaries' corporate books or financial records.

19. Director Drumm unfortunately died in 2015, and no new Directors were appointed to replace him.

20. Accordingly, Plaintiff Edwards and Cathy Strobel are the only remaining Directors and there are no deciding votes to break a deadlock.

21. Upon information and belief, the Strobels failed to maintain City Photo's assets and Subsidiaries, file proper taxes, and capitalize on available tax credits.

22. Additionally, the Strobels failed to file the appropriate registration documents with the Missouri Secretary of State and, as a result, City Photo was administratively dissolved on January 5, 2015.

23. The Strobels failed to notify or obtain Plaintiff Edwards' approval to administratively dissolve City Photo on or before January 5, 2015.

24. The Strobels failed to present Plaintiff Edwards and the Board with proposed articles of dissolution, and Plaintiff Edwards did not approve any articles of dissolution before City Photo was administratively dissolved.

25. Even after City Photo was administratively dissolved, the Strobels failed to wind down operations, liquidate City Photo's assets, make proper distributions to shareholders, or provide any accounting of City Photo's or its Subsidiaries' financial states at the time City Photo was administratively dissolved.

12690047.1

26. Plaintiff Edwards has repeatedly requested the Strobels produce copies of business records and financial records for inspection since City Photo was administratively dissolved in 2015.

27. As a shareholder, Missouri law provides Plaintiff Edwards a right to inspect City Photo's books, business records, and financial records upon request.

28. Despite years of repeated requests, the Strobels still refuse to produce City Photo's books, business records, and financial records for Plaintiff Edwards' inspection.

29. Without an appropriate accounting City Photo's assets and financial records, Plaintiff Edwards has been unable to account for and monitor his investment in City Photo and to maintain his personal finances.

30. Upon information and belief, the Strobels' refusal to produce financial records and company books is the Strobels' attempt to conceal wrongful acts related to their unilateral management of City Photo and the Subsidiaries and the distribution of City Photo's or Subsidiary assets before or after City Photo was administratively dissolved.

31. Upon information and belief, the Strobels retain control of City Photo's current or former assets and Subsidiaries and profit from those assets and/or Subsidiaries, including and not limited to real estate and event spaces.

32. Plaintiff Edwards or other shareholders have been damaged by the Strobels' failure to keep City Photo registered in good standing with the Missouri Secretary of State in that City Photo has been unable to operate or profit since becoming administratively dissolved.

33. In the alternative, Plaintiff Edwards or other shareholders have been damaged by the Strobels' failure or refusal to properly wind down City Photo and to liquidate and distribute its assets to Plaintiff Edwards as a shareholder.

34. Upon information and belief, Plaintiff Edwards or other shareholders have been damaged by the Strobels' improper distribution of City Photo's assets, including unapproved and unfair, self-benefitting deals or distributions that harmed Plaintiff Edwards.

35. Upon information and belief, Plaintiff Edwards or other shareholders have suffered over $600,000 in damages as a result of the Strobels' improper actions, and he is unable to ascertain the true value of damages due to the Strobels' constant and repeated refusal to produce any company records or financial documents for City Photo or its Subsidiaries.

## COUNT 1: BREACH OF FIDUCIARY DUTY AGAINST PLAINTIFF EDWARDS, INDIVIDUALLY

36. Plaintiff Edwards re-alleges and incorporates by reference all of the allegations of paragraphs 1-35 above, inclusive, as if set forth fully herein.

37. A corporation and its Officers have an utmost duty of good faith and loyalty to the corporation's shareholders.

38. Under Missouri law, a corporation, through its Officers or authorized agent, must file appropriate annual or biannual registration documents with the Secretary of State or it is at risk of administrative dissolution from the Missouri Secretary of State. Once administratively dissolved, the corporation may either file appropriate documents to seek reinstatement, or, in the alternative, the corporation must wind down operations and liquidate its assets to shareholders or creditors.

39. As City Photo's Officers, it was the Strobels' responsibility to ensure appropriate registration documents were filed with the Secretary of State.

40. Additionally, it was the Strobels' responsibility as City Photo's Officers to ensure appropriate documents were filed with the Secretary of State to reinstate City Photo in good standing once City Photo was administratively dissolved.

6

12690047.1

41. In the alternative, it was the Strobels' responsibility as City Photo's Officers and Director to obtain Plaintiff Edwards' consent to dissolve City Photo upon proper notice; to file accurate and approved articles of dissolution; to distribute City Photo's assets and shares to its shareholders, including Plaintiff Edwards; and properly to wind down City Photo's operations and to distribute its assets to shareholders.

42. The Strobels breached their duties to Plaintiff Edwards by continually refusing to produce City Photo's and Subsidiaries' corporate books, financial documents, and other records for Plaintiff Edwards to inspect upon request.

43. The Strobels breached their duties to Plaintiff Edwards by failing to timely file the appropriate registration paperwork with the Missouri Secretary of State, which resulted in the City Photo being administratively dissolved on January 5, 2015.

44. The Strobels also breached their duties to Plaintiff Edwards by failing to file the appropriate documents with the Missouri Secretary of State to have City Photo reinstated in good standing to continue operations after January 5, 2015.

45. In the alternative, the Strobels breached their duties to Plaintiff Edwards by failing to obtain Plaintiff Edwards' consent to dissolve City Photo; by failing to file accurate and approved articles of dissolution; by failing to distribute City Photo's assets and shares to Plaintiff Edwards as a 50% shareholder; and by otherwise failing to wind down City Photo's operations and to distribute its assets in a fair, reasonable, and lawful manner.

46. Strobel failed to inform Plaintiff Edwards about City Photo's financial standing, including an accounting of all City Photo's assets and an accounting of the financial standing of City Photo's Subsidiaries.

12690047.1

47. Upon information and belief, the Strobels improperly distributed City Photo's assets to third parties with which they had a personal relationship.

48. Upon information and belief, the Strobels have benefitted and personally profited from the distribution of City Photo assets in violation of their fiduciary duties to Plaintiff Edwards as City Photo's Officers.

49. Upon information and belief, Plaintiff Edwards has suffered over $600,000 in damages as a result of the Strobels' breaches, and he is unable to ascertain the true value of his damages due to the Strobels' constant and repeated refusal to produce any company records or financial documents.

WHEREFORE, Plaintiff Edwards respectfully requests the Court enter an Order finding judgment in his favor and against Cathy Strobel, Jack Strobel, and City Photo Group, Inc., jointly and severally, to award damages in excess of $75,001 in an amount to be determined at trial, for his costs and attorneys' fees, for pre-judgment and post-judgment interest, and for any other relief deemed just and proper under the circumstances.

## **COUNT 2: SHAREHOLDER'S DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY**

50. Plaintiff Edwards re-alleges and incorporates by reference all of the allegations of paragraphs 1-49 above, inclusive, as if set forth fully herein.

51. Plaintiff Edwards brings Count 2 as a shareholder's derivative claim pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and Missouri Supreme Court Rule 52.09.

52. Plaintiff Edwards is and at all relevant times was a 50% shareholder and Director of City Photo.  Plaintiff Edwards will fairly and adequately represent the interests of all other stockholders of City Photo similarly situated in enforcing the rights of City Photo and its shareholders.

53. A corporation and its Officers have an utmost duty of good faith and loyalty to the corporation's shareholders.

54. Under Missouri law, a corporation, through its Officers or authorized agent, must file appropriate annual or biannual registration documents with the Secretary of State or it is at risk of administrative dissolution from the Missouri Secretary of State.  Once administratively dissolved, the corporation may either file appropriate documents to seek reinstatement, or, in the alternative, the corporation must wind down operations and liquidate its assets to shareholders or creditors.

55. As City Photo's Officers, it was the Strobels' responsibility to ensure appropriate registration documents were filed with the Secretary of State.

56. Additionally, it was the Strobels' responsibility as City Photo's Officers to ensure appropriate documents were filed with the Secretary of State to reinstate City Photo in good standing once City Photo was administratively dissolved.

57. In the alternative, it was the Strobels' responsibility as City Photo's Officers and Cathy Strobel as Director to obtain shareholder consent to dissolve City Photo upon proper notice; to file accurate and approved articles of dissolution; to distribute City Photo's assets and shares to its shareholders, including Plaintiff Edwards; and properly to wind down City Photo's operations and to distribute its assets to shareholders.

58. The Strobels breached their duties to Plaintiff Edwards or other shareholders by continually refusing to produce City Photo's and Subsidiaries' corporate books, financial documents, and other records for Plaintiff Edwards to inspect upon request.

59. The Strobels breached their duties to Plaintiff Edwards or other shareholders by failing to timely file the appropriate registration paperwork with the Missouri Secretary of State, which resulted in the City Photo being administratively dissolved on January 5, 2015.

60. The Strobels also breached their duties to Plaintiff Edwards or other shareholders by failing to file the appropriate documents with the Missouri Secretary of State to have City Photo reinstated in good standing to continue operations after January 5, 2015.

61. In the alternative, the Strobels breached their duties to Plaintiff Edwards or other shareholders by failing to obtain all shareholders' consent to dissolve City Photo; by failing to file accurate and approved articles of dissolution; by failing to distribute City Photo's assets and shares to shareholders; and by otherwise failing to wind down City Photo's operations and to distribute its assets in a fair, reasonable, and lawful manner.

62. The Strobels failed to inform shareholders about City Photo's financial standing, including an accounting of all City Photo's assets and an accounting of the financial standing of City Photo's Subsidiaries.

63. Upon information and belief, the Strobels improperly distributed City Photo's assets to third parties with which they had a personal relationship.

64. Upon information and belief, the Strobels have benefitted and personally profited from the distribution of City Photo assets in violation of their fiduciary duties to Plaintiff Edwards or other shareholders as City Photo's Officers.

65. Upon information and belief, Plaintiff Edwards or other shareholders have suffered over $600,000 in damages as a result of the Strobels' breaches, and Plaintiff Edwards is unable to ascertain the true value of damages due to the Strobels' constant and repeated refusal to produce any company records or financial documents.

66. Prior to filing this lawsuit, Plaintiff Edwards sent a written demand to the Strobel's on April 15, 2016, requesting they take action to produce corporate documents for inspection in order to ascertain whether the affairs of City Photo and its Subsidiaries had been properly managed by its controlling Officers, the Strobels.

67. The Strobels refused to respond to Plaintiff Edwards' demand and refused to produce any documents or financial records Plaintiff Edwards requested.

68. In September of 2016, Plaintiff Edwards filed a Petition for Writ of Mandamus against City Photo and the Strobels in the Circuit Court of St. Louis City, cause no. 1622-CC09969, to obtain an order compelling the Strobels to produce the requested documents for inspection.

69. The court entered a Preliminary Order in Mandamus on December 20, 2017, which City Photo and the Strobels responded to and opposed, and the Petition was dismissed without prejudice on September 10, 2019, after two years of litigation and without any requested documents having been produced.

70. Any additional requests or demands from Plaintiff Edwards to reinstate City Photo in good standing or to liquidate and distribute shares would have been futile given the ongoing deadlock between himself and Cathy Strobel, the fact the Strobel's were City Photo's only corporate Officers and exercised complete control over City Photo's assets and records, and in light of the fact the Strobel's refused Plaintiff Edwards' previous written demands to produce available corporate documents and financial records as required by Missouri law.

WHEREFORE, Plaintiff Edwards, individually and derivatively as a shareholder on behalf of City Photo Group, Inc., respectfully requests the Court enter an Order finding judgment in his favor and against Cathy Strobel, Jack Strobel, and City Photo Group, Inc., jointly and severally, to award damages in excess of $75,001 in an amount to be determined at trial, for his

11

costs and attorneys' fees, for pre-judgment and post-judgment interest, and for any other relief deemed just and proper under the circumstances.

## COUNT 3: NEGLIGENT MISREPRESENTATION

71. Plaintiff Edwards re-alleges and incorporates by reference all of the allegations of paragraphs 1-70 above, inclusive, as if set forth fully herein.

72. In the course of their business as City Photo's Officers, the Strobels represented to Plaintiff Edwards, a shareholder, that they were fit to remain as Officers and that they would comply with Missouri law and maintain City Photo in good standing with the Secretary of State.

73. In the alternative, by allowing the City Photo to administratively dissolve, the Strobels represented City Photo's operations would be wound down and that corporate assets would be liquidated and distributed to shareholders as required by law.

74. The Strobels represented the winding down of the City Photo would be conducted in a fair, reasonable, and lawful manner.

75. The Strobels either failed to exercise reasonable care when making or intentionally made these misrepresentations to influence Plaintiff Edwards' actions and to prevent Plaintiff Edwards from taking legal action related to the Strobels' management of City Photo and of City Photo's assets at that time.

76. Plaintiff Edwards justifiably relied on the Strobels' representations that City Photo would be properly maintained in good standing or, alternatively, that City Photo would be wound down and liquidated in a fair, reasonable, and lawful manner.

77. Due to his reliance on the Strobels' representations, Plaintiff Edwards took no action to challenge the Strobels' management of City Photo or to compel the liquidation or distribution of City Photo's assets.

78. The Strobels' representations were false in that they failed to maintain City Photo in good standing with the Missouri Secretary of State by filing the appropriate registration documents.

79. Alternatively, the Strobels' representations were false in that, once City Photo was dissolved, the Strobels failed to appropriately wind down City Photo's operations, file and obtain approval for articles of dissolution, and to liquidate and distribute City Photo's assets to shareholders, including Plaintiff Edwards, in a fair, reasonable, and lawful manner.

80. Upon information and belief, Plaintiff Edwards or other shareholders have suffered a significant pecuniary loss in excess of $600,000 as a result of his reliance on the Strobels' misrepresentations.

WHEREFORE, Plaintiff Edwards, individually and derivatively as a shareholder on behalf of City Photo Group, Inc., respectfully requests the Court enter an Order finding judgment in his favor and against Cathy Strobel, Jack Strobel, and City Photo Group, Inc., jointly and severally, to award damages in excess of $75,001 in an amount to be determined at trial, for his costs and attorneys' fees, for pre-judgment and post-judgment interest, and for any other relief deemed just and proper under the circumstances.

## COUNT 4: BREACH OF MISSOURI REVISED STATUTE § 351.215

81. Plaintiff Edwards re-alleges and incorporates by reference all of the allegations of paragraphs 1-80 above, inclusive, as if set forth fully herein.

82. Under Missouri law, Plaintiff Edwards has a right to request and inspect corporate books and financial records as City Photo's shareholder.  MO. REV. STAT. § 351.215.

83. On or around April 15, 2016, Plaintiff Edwards made a written demand to inspect and copy the correct and complete corporate documents and books for City Photo and City Photo's related entities and subsidiaries.

84. The purpose of Plaintiff Edwards' written demand was to inspect City Photo's corporate records and its related entities and subsidiaries to determine whether the affairs of City Photo and these entities were appropriately managed by the Strobels.

85. On or around April 27, 2016, Plaintiff Edwards made a personal appearance at City Photo's company offices to inspect the relevant records, and his requests to inspect the records was denied.

86. Following the denial on April 27, 2016, the Strobels have repeatedly refused additional requests to allow Plaintiff Edwards to inspect the relevant records.

87. Plaintiff Edwards has made more than ten requests to inspect City Photo's and the Subsidiaries' corporate books and financial records since January 5, 2015.

88. The Strobels have unlawfully refused each request.

89. Plaintiff Edwards has been damaged by the Strobels' repeated refusal to allow inspection of City Photo's and its subsidiaries' financial records in that he is unable to ascertain the true value of City Photo, the Subsidiaries, and his ownership interests as a 50% shareholder due to the Strobels' constant and repeated refusal to produce any company records or financial documents.

90. Plaintiff Edwards is entitled to statutory penalties in the amount of $250, per officer, for each offense and occasion where the Strobels refused Plaintiff Edwards' requests to submit City Photo's and the Subsidiaries' books for examination. MO. REV. STAT. § 351.215(2).

WHEREFORE, Plaintiff Edwards respectfully requests the Court enter an Order finding judgment in his favor and against Cathy Strobel, Jack Strobel, and City Photo Group, Inc., jointly and severally, to award statutory penalties pursuant to MO. REV. STAT. § 351.215(2) in excess of $5,000 in an amount to be determined at trial, for his costs and attorneys' fees, for pre-judgment

and post-judgment interest, and for any other relief deemed just and proper under the circumstances.

## COUNT 5: EQUITABLE ACCOUNTING

91. Plaintiff Edwards re-alleges and incorporates by reference all of the allegations of paragraphs 1-90 above, inclusive, as if set forth fully herein.

92. As a result of the Strobels' negligence, malfeasance, and refusal to disclose corporate records to Plaintiff Edwards as a 50% shareholder in City Photo, the financial value of City Photo, the Subsidiaries, and Plaintiff's Edwards ownership interests in each as of January 5, 2015, to date, is unknown.

93. In order to fully understand the scope of damages caused by the Strobels' failure to either maintain City Photo in good standing with the Secretary of State or to liquidate and distribute City Photo's in a fair, reasonable, and lawful manner, a full accounting of City Photo's assets and transactions from 2012 to the present is required.

94. No sufficient legal remedy exists to Plaintiff Edwards to quantify the value of shares he held in City Photo, including and not limited to the fact City Photo's business activities included complex businesses and valuations, including state and federal real estate tax credits for real estate, valuation of intellectual property owned by City Photo's Subsidiaries.

95. Additionally, an equitable order of accounting is the appropriate remedy to determine the scope and timing of payments or transfers made to the Strobels by City Photo or the Subsidiaries from 2012 to the present during the period in which the Strobels failed to or refused to produce financial records and corporate books to Plaintiff Edwards for inspection.

WHEREFORE, Plaintiff Edwards, individually and derivatively as a shareholder on behalf of City Photo Group, Inc., requests the Court enter an order requiring City Photo and/or the

Strobels to produce all financial and other corporate records to Plaintiff Edwards, and to produce a full accounting of all monies received by Cathy Strobel or Jack Strobel from City Photo and all transactions entered into by Cathy Strobel or Jack Strobel on City Photo's or any of City Photo's assets' or subsidiaries' behalf since 2012.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Edwards, individually and derivatively as a shareholder on behalf of City Photo Group, Inc., respectfully demands judgment in his favor and against Cathy Strobel, Jack Strobel, and City Photo Group, Inc., jointly and severally, and prays that this Court:

A. Award monetary damages in excess of $75,001 in an amount to be proved at trial;

B. Award statutory penalties pursuant to Mo. Rev. Stat. § 351.215(2) in excess of $5,000 in an amount to be determined at trial;

C. Issue an Order directing the Strobels to produce all financial and other corporate records related to City Photo Group, Inc. and its subsidiary companies to Plaintiff Edwards, and to produce a full accounting of all monies received by Strobel from City Photo and all transactions entered into by Strobel on City Photo's or any of City Photo's assets' or subsidiaries' behalf since 2012 so as to fully compensate Plaintiff Edwards for all damages including loss of revenue, loss of interests, loss of profits, and other damages as a result of the Strobels' wrongful acts;

D. Award Plaintiff Edwards his attorneys' fees as permitted by federal law, Missouri state law, and common law;

E. Award Plaintiff Edwards all costs of this action, and assess all costs against Cathy Strobel, Jack Strobel, and City Photo Group, Inc.;

12690047.1

  F. Award Plaintiff Edwards pre-judgment and post-judgment interest against Cathy Strobel, Jack Strobel, and City Photo Group, Inc.; and

  G. Award and grant Plaintiff Edwards all such other and further relief as the Court may deem proper and appropriate; and

## JURY TRIAL DEMAND

Plaintiff Edwards hereby requests a jury trial.

Respectfully submitted:

By: */s/ Aaron D. French*
   Aaron D. French, #50759MO
   Timothy R. Tevlin, #68433MO
   600 Washington Avenue - 15th Floor
   St. Louis, MO  63101-1313
   314-231-3332
   314-241-7604 (Fax)
   E-mail:afrench@sandbergphoenix.com
     ttevlin@sandberyphoenix.com

*Attorneys for Plaintiff*

12690047.1

## VERIFICATION

STATE OF MISSOURI )
) ss.
COUNTY OF ST. LOUIS CITY )

I, Robert Jeffrey Edwards, being of lawful age, and first duly sworn upon oath, states that I am a Director and shareholder of The City Photo Group, Inc., that I have read the foregoing Verified Complaint and know the contents thereof, and that the factual matters set forth therein are true and correct to the best of my knowledge except those matters stated upon information and belief, and, as to those, I believe the same to be true.

_____
Robert Jeffrey Edwards

Subscribed and sworn to before me this 3rd day of January 2020.

_____
Notary Public

My Commission Expires:

12 30 21

JESSICA NITSCH
My Commission Expires
December 30, 2021
St. Louis County
Commission #13399467